# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| U-STOR/BISSONNET HOUSTON, § <br> L.L.C.; U-STOR OF HOUSTON W. § <br> 43rd AND HWY. 290, L.L.C.; § <br> U-STOR CHAMPIONS, L.L.C.; and § <br> COLBY B. SANDLIAN § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ALLAN JAMES, INDIVIDUALLY § <br> AND D/B/A GESSNER SELF § <br> STORAGE; KRISS KENNEDY, § <br> A/K/A JON KENNEDY, § <br> INDIVIDUALLY AND D/B/A § <br> TECHNE ARCHITECTS, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-02-1495 |

## MEMORANDUM AND OPINION

After this court entered final judgment, plaintiffs filed a bill of costs in the amount of $18,112.48. (Docket Entry No. 125). Defendant, the Estate of Allan James, responded by seeking to have the court costs reduced or credited by $9,556.63, representing the costs of the depositions of defendant's experts. (Docket Entry No. 124). Defendant also objected to $867.00 of the amount plaintiffs sought, on the ground that it was attributable to taking two depositions by videotape. (Docket Entry No. 126). Plaintiffs did not file a response to the motion to reduce the costs or to the objection.

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Only those costs provided for

under 28 U.S.C. §§ 1821 and 1920 may be taxed against the losing party. These costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court-appointed experts, interpreters, and for special interpretation services. 28 U.S.C. §§ 1821, 1920. The party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a particular item was "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

Defendant argues that under Federal Rule of Civil Procedure 26(b)(4)(C), plaintiffs should pay for the costs of the depositions of defendant's expert witnesses, including the fees those experts charged defendant for preparing and appearing to testify. Rule 26(b)(4) provides:

> (A)  A party may depose any person who has been identified as an expert whose opinions may be presented at trial. . . .
>
> (B)  A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

> (C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

FED. R. CIV. P. 26(b)(4).

Rule 26(b)(4)(C) itself does not specify whether or when a party must demand payment of fees to its expert. However, the Committee Note to the Rule provides that "[t]he court may issue the latter order [to pay fees and expenses that a party incurs in obtaining information from an expert] as a condition of discovery, or it may delay the order until after discovery is completed." FED. R. CIV. P. 26(b)(4)(C) (Notes of Advisory Committee on Rules to 1970 Amendment). Courts have awarded fees under Rule 26(b)(4)(C) after trial. *See, e.g.*, *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995); *Chambers v. Ingram*, 858 F.2d 351, 360–61 (7th Cir. 1988).

In this case, defendant is asking that plaintiffs' costs be reduced to allow defendant to recover the fees it incurred when plaintiffs deposed defendant's experts. The motion was timely filed and is supported by Rule 26. Defendant's motion to reduce plaintiffs' cost award by $9,556.63 is granted.

Defendant objects to the portion of plaintiffs' bill of costs that seeks $867.00 for the costs of videotape depositions. (Docket Entry No. 126). This amount is in addition to the costs of stenographic transcripts. (Docket Entry No. 125). 28 U.S.C. § 1920(2) allows for

the recovery of deposition fees "of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998). "There is no provision [in § 1920] for videotapes of depositions." *Mota v. Univ. of Tex. Houston Health Science Center*, 261 F.3d 512, 529–30 (5th Cir. 2001) (vacating trial court's award of costs associated with videotaped depositions, noting that § 1920 must be strictly construed). Defendant's objection to these costs is granted. The award of costs is reduced by $867.00.

Plaintiffs are awarded costs of court in the amount of $7,688.85.

SIGNED on June 8, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge